UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wayne Pearson,

    Plaintiff,

v.

RTP Company and
United Auto Workers, Local 2340,

    Defendants.

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

Court File No. 06cv3517 JMR/FLN

Plaintiff, Wayne Pearson, by his attorneys Nichols Kaster & Anderson PLLP, brings this action for damages and other legal and equitable relief from Defendants' violations of the law, stating the following as his claims against Defendants.

## JURISDICTION AND VENUE

1. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 29 U.S.C. § 1331, 29 U.S.C. § 185 and 28 U.S.C. § 1337. Plaintiff further invokes the supplemental jurisdiction of this Court to consider claims under state law.

2. The unlawful practices described hereinafter have been committed in the district of Minnesota.

## PARTIES

3. Plaintiff, Wayne Pearson ("Plaintiff" and/or "Pearson"), is an adult resident of the State of Minnesota.

SCANNED
AUG 3 0 2006
U.S. DISTRICT COURT MPLS

4. Defendant, RTP Company, ("Defendant" and/or "RTP"), is a Minnesota company with a registered address of 580 East Front Street, P.O. Box 5439, Winona, MN 55987.

5. Defendant, United Auto Workers, Local 2340, ("Defendant" and/or "UAW"), is a labor organization with a registered address of P.O. Box 141, Winona, MN 55987.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff began his employment at RTP in or around November 18, 1999 as a production worker.

7. Throughout Plaintiff's employment he was a member of the United Auto Workers, Local 2340. As a union member, Plaintiff's employment with RTP was subject to a collective bargaining agreement ("CBA") between the UAW and RTP.

8. In or around 2004, Plaintiff was diagnosed with certain serious health conditions that resulted in absences from work covered by the Family Medical Leave Act ("FMLA").

9. Prior to 2005, Plaintiff's supervisors rated his job performance as meeting or exceeding expectations.

10. In or around 2005, Plaintiff missed additional days of work due to his medical condition that were covered by the FMLA and/or short-term disability.

11. On or about November 2, 2005, RTP issued Plaintiff a final attendance warning letter. This letter acknowledged that Plaintiff's absences were medically-related, but nonetheless, advised him that he would be terminated if he did not improve his attendance at work.

12. On or about November 11, 2005, Plaintiff's supervisors gave him a performance evaluation that described him as undependable due to his absences from work.

13. On or about February 8, 2006, RTP notified Plaintiff that he was being terminated. RTP's termination letter cited three medically-related absences as grounds for Plaintiff's termination. Plaintiff disputed these absences.

14. Plaintiff asked the UAW to grieve his termination under the provisions of the CBA.

15. On or about March 1, 2006, RTP advised Plaintiff that he could return to work, subject to certain conditions.

16. Plaintiff refused RTP's conditional offer to return to work because the conditions placed on his return to work were not applicable to other RTP employees and/or UAW members.

17. Thereafter, Plaintiff sought further assistance from UAW to grieve his termination. However, UAW refused to take any further action to challenge Plaintiff's termination, including, but not necessarily limited to Steps 4 and 5 of the grievance procedure outlined in Article 13 of the CBA.

18. On or about March 18, 2006, Plaintiff was presented with a Settlement Agreement and General Release of Claims ("Agreement"). The Agreement contained the following recitals:

> WHEREAS, Pearson has asserted various claims against Employer, its officers, agents, employees, and representatives, including but not limited to, allegations that his termination constituted a breach of the Union collective bargaining unit;

WHEREAS, Union has pursued a grievance on Pearson's behalf protesting his termination and in furtherance thereof has negotiated this Settlement Agreement and General Release of Claims on Pearson's behalf;

The Agreement required Plaintiff to release his claims against RTP and UAW in exchange for the sum of $4,500.00.

19. Plaintiff signed the Agreement on April 7, 2006, but chose to rescind on April 11, 2006, as was his right.

20. On or about April 10, 2006, UAW notified Plaintiff that it: (1) had obtained a "buy-out" for Plaintiff; (2) had filed the grievance the best that we can; (3) had done everything and could not do anymore; and (4) was done assisting Plaintiff.

## COUNT I

### Breach of Duty of Fair Representation

21. By reference hereto, Plaintiff incorporates the preceding paragraphs of his Complaint.

22. Defendant UAW breached its duty of fair representation owed to Plaintiff by abandoning the grievance it agreed to pursue on Plaintiff's behalf and by allowing and/or negotiating special conditions to be placed on Plaintiff's continued employment.

23. Defendant UAW violated 29 U.S.C. § 185 by negotiating the Agreement, supposedly on Plaintiff's behalf, that required Plaintiff to give UAW a release of claims.

24. Plaintiff has been injured as a result of Defendant UAW's arbitrary, discriminatory, perfunctory, and bad faith actions.

25. As a result thereof, Plaintiff has suffered damages in an amount to be determined at trial.

26. As a result of Defendant UAW's violations of 29 U.S.C. § 185, Plaintiff is entitled to recover his reasonable attorneys' fees and costs from Defendant UAW.

5

## COUNT II

### Breach of Contract

27. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs of his Complaint.

28. Pearson was a party to the CBA between RTP and UAW.

29. Article 14 of the CBA provides that RTP "shall not discharge any Employee without just cause."

30. Article 15 of the CBA provides that "[n]either the Employer nor the Union will discriminate against any person or Employee because of race, color, sex, creed, national origin, disability, sexual orientation, or age, or any other classification protected by state or federal law."

31. Defendant RTP violated the CBA by terminating Plaintiff without just cause and by discriminating against Plaintiff on the basis of disability.

32. As a result thereof, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT III

### Disability Discrimination Pursuant to the Minnesota Human Rights Act, Minn. Stat. § 363A.01 et. seq. ("MHRA")

33. By reference hereto, Pearson restates and incorporates the paragraphs of his Complaint.

34. Plaintiff and Defendant RTP are "employee" and "employer," respectively, as defined in Minn. Stat. § 363A.03, subd. (15) and (16).

35. Minn. Stat. § 363A.08 provides in part that it is unlawful for an employer "because of . . . disability . . . to discharge an employee; or discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment."

36. Under the MHRA the definition of "disability" means "(1) has a physical, sensory, or mental impairment which materially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment."

37. RTP discriminated against Plaintiff on the basis of his disability and therefore committed an unfair employment practice in violation of the MHRA, Minn. Stat. § 363A.08.

38. As a direct and proximate result of RTP's discrimination in violation of the MHRA, Plaintiff has suffered and will continue to suffer a loss of past and future income, mental anguish, emotional distress, humiliation, embarrassment, and other damages in an amount to be determined at trial.

39. As a result of RTP's conduct, Plaintiff is entitled by law to his attorney's fees, costs and disbursements incurred herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wayne Pearson prays for judgment against Defendants RTP Company and United Auto Workers, Local 2340, as follows:

A. For an Order awarding Plaintiff all relief available against UAW pursuant to Count I;

B. For an Order awarding Plaintiff all relief available against RTP pursuant to Count II;

C. For an Order awarding Plaintiff all relief available under the Minnesota Human Rights Act ("MHRA"), including compensatory damages for mental anguish, an amount equal to three times Plaintiff's loss of income and fringe benefits, each in amounts to be determined at trial, and interest on those amounts, all in amount greatly in excess of $75,000.00, and awarding Plaintiff his attorney's fees and the costs of this action;

D. For leave to amend this Complaint to add a claim for discrimination under the Americans with Disabilities Act; and

E. For such further and other relief as the Court deems just.

DATED: 8-29-06

NICHOLS KASTER & ANDERSON, PLLP

John A. Fabian, #13482X
4600 IDS Center, 80 South Eighth St.
Minneapolis, MN 55402
Telephone: (612) 256-3200
ATTORNEYS FOR PLAINTIFF

7