**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Wayne Pearson, | Court File No. 06CV3517 JMR/FLN |
| Plaintiff, | |
| vs. | **SEPARATE ANSWER OF DEFENDANT RTP COMPANY TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| RTP Company and United Auto Workers, Local 2340, | |
| Defendants. | |

---

Defendant RTP Company, as and for its Separate Answer to Plaintiff's First Amended Complaint ("Complaint"), hereby admits, denies, and alleges as follows:

1. Except as hereinafter specially admitted or clarified, denies each and every allegation contained in Plaintiff's Complaint.

2. With respect to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendant states that these allegations are mere legal conclusions which require no answer. To the extent that the allegations are construed to be allegations of fact against this answering Defendant, the same are denied.

3. With respect to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant denies that any of the practices described in Plaintiff's Complaint support allegations that said practices are or were unlawful. Defendant does not deny that the actions of which Plaintiff complains were within the State of Minnesota.

4. Defendant admits, on information and belief, the allegations contained in Paragraph 3 of Plaintiff's Complaint.

5. Defendant admits the allegations contained in Paragraphs 4, 5, 6, 12, 15, 18, 19, 29, 30 and 34 of Plaintiff's Complaint.

6. With respect to the allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendant denies that throughout his employment Plaintiff was a member of the United Auto Workers, Local 2340.  Defendant admits that at various points in time during Plaintiff's employment his employment was covered by the terms of the collective bargaining agreement between UAW and Defendant RTP.

7. With respect to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Defendant states that Plaintiff's assertion that he suffered from a serious health condition as that term is defined by the Family and Medical Leave Act is a legal conclusion which requires no answer.

8. With respect to the allegations contained in Paragraph 9 of Plaintiff's Complaint Defendant admits that prior to 2005 certain supervisors rated certain aspects of Plaintiff's job performance under the "meeting" or "exceeding" expectations categories and on other occasions and through other supervisors his performance was rated below those levels.

9. With respect to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendant admits that in or around 2005 Plaintiff missed additional days of work at least some of which were treated by Defendant as qualified absences under the Family and Medical Leave Act or Defendant's short term disability policies.

10. With respect to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Defendant admits that on or about November 2, 2005 Defendant issued to Plaintiff a final attendance warning.  Defendant states that the letter speaks for itself and

denies as not the best evidence the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

11.     With respect to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Defendant admits that on or about February 8, 2006 the Defendant notified Plaintiff that he was being terminated.  Defendant submits that Defendant's termination letter is the best evidence of the information contained therein and denies the remaining allegations of Paragraph 13 as stated.

12.     Defendant admits on information and belief the allegations contained in Paragraph 14 of Plaintiff's Complaint.

13.     With respect to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Defendant admits that Plaintiff refused Defendant's conditional offer to return to work.  Defendant denies that the conditional offer to return to work presented to Plaintiff differed from conditions placed on other similarly situated employees and Defendant denies for lack of knowledge the reasons why Plaintiff refused the return to work offer.

14.     With respect to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Defendant admits on information and belief that Plaintiff sought assistance from Defendant UAW to grieve his termination.  Defendant denies for lack of knowledge the remaining allegations contained in Paragraph 17.

15.     Defendant denies for lack of knowledge the allegations contained in Paragraph 20 of Plaintiff's Complaint.

16.     With respect to the allegations contained in Paragraphs 21, 27, 33 and 42 of Plaintiff's Complaint, Defendant acknowledges that Plaintiff is, through these

paragraphs, attempting to incorporate by reference various previously pled paragraphs and Defendant asserts the same answers and defenses to those incorporated paragraphs as if fully set forth herein.

17. With respect to the allegations contained in Paragraphs 22, 23, 24, 25 and 26 of Plaintiff's Complaint, Defendant asserts that these are mere allegations and conclusions as to Defendant UAW which require no answer by this answering Defendant. To the extent that any of the allegations contained in these paragraphs are deemed to be allegations of fact against Defendant RTP Company, the same are denied.

18. With respect to the allegations contained in Paragraph 28 of Plaintiff's Complaint, Defendant states that Plaintiff was a member of the bargaining unit represented by the UAW and for which a collective bargaining agreement was negotiated between RTP and UAW.

19. Defendant denies the allegations contained in Paragraphs 31, 32, 37, 38, 39, 40, 41, 44, 45, 46 and 47 of Plaintiff's Complaint.

20. With respect to the allegations contained in Paragraphs 35, 36 and 43 of Plaintiff's Complaint, Defendant states that these are mere attempts at partial recitals of provisions of the Minnesota Human Rights Act and Americans With Disabilities Act and are, therefore, merely legal assertions which require no answer. To the extent that these paragraphs are deemed to be allegations of fact against Defendant RTP Company, the same are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted against this answering Defendant.

### SECOND DEFENSE

Plaintiff's claims, in whole or in part, may be barred by Plaintiff's failure to mitigate his damages, if any.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because some or all damages claimed by Plaintiff were caused, aggravated or contributed to by Plaintiff's own conduct or failure to act.

### FOURTH DEFENSE

Plaintiff's claims, in whole or in part, may be barred because Defendant would have made the same decision regarding Plaintiff's employment regardless of knowledge or imputed knowledge of Plaintiff's claimed disability.

### FIFTH DEFENSE

Defendant's policies, practices and decisions with respect to Plaintiff were at all times based on legitimate, non-discriminatory business reasons.

### SIXTH DEFENSE

Defendant's actions with respect to Plaintiff were at all times reasonable and undertaken in good faith.

**SEVENTH DEFENSE**

Plaintiff's claims, in whole or in part, may be barred by Plaintiff's failure to exhaust available contractual remedies.

WHEREFORE, having fully defended, Defendant RTP Company prays that Plaintiff take nothing by his pretended cause of action, that Defendant be granted judgment in its favor and awarded its reasonable costs and attorneys' fees and such other and further relief as the court may deem just and equitable.

Dated:  October 2, 2006        FELHABER, LARSON, FENLON & VOGT, P.A.


                               By:    s/ Paul J. Zech
                                      Paul J. Zech, #162450
                                      Amanda C. Craig, #350333
                               220 South Sixth Street, Suite 2200
                               Minneapolis, Minnesota 55402
                               Telephone:  (612) 339-6321

                               ATTORNEYS FOR DEFENDANT
                               RTP COMPANY